**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEWIS AARON COOK,

       Petitioner - Appellant,

v.

JIM COOKE,

       Respondent - Appellee.

No. 02-5166
(D.C. No. 01-CV-526-B)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Petitioner Lewis Cook, appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition for failure to exhaust state remedies. Because we find that Cook has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), we deny his request for a COA and dismiss the appeal.

In February 2001, a jury convicted Cook of unlawfully possessing drug paraphernalia. Cook's counsel filed a notice of appeal, but Cook filed a pro se application with the Oklahoma Court of Criminal Appeals requesting that his appointed counsel withdraw and that he be permitted to pursue his direct appeal pro se. Cook indicated he would argue that the trial court improperly denied his request to represent himself during the jury trial. On May 11, 2001, the OCCA denied Cook's application for failure to follow certain state procedural rules, but advised him of the proper procedural steps he needed to take. There is nothing in the record to indicate that Cook complied with those instructions.

Cook filed his § 2254 habeas petition on July 20, 2001, alleging (1) denial of pro se representation, and (2) refusal of the trial court to rule on two habeas motions. Respondent filed a motion to dismiss arguing the claims were moot because Cook's sentence was discharged during the pendency of the matter, or, in the alternative, that Cook failed to exhaust available state court remedies. In a thorough order filed September 26, 2002, the district court found that since Cook's sentence included

imposition of a fine, the discharge of his sentence did not eliminate possible collateral consequences of his conviction. The court granted the motion to dismiss for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b) and (c) and dismissed the petition.

Cook contends that various difficulties with the prison law library precluded him from pursuing his direct appeal and he re-alleges his claims for habeas relief. However, he presents no evidence that he has satisfied the exhaustion requirements of § 2254(b) and (c). See Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992) (stating a habeas petitioner has the burden of proving he or she satisfied the exhaustion requirement).

We will grant a COA where a district court has denied a habeas petition based upon procedural grounds if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000) (construing 28 U.S.C. § 2253(c)). We have carefully reviewed the record on appeal and Cook's filings with this court. We DENY a COA and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge